UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RU LIU, | ) | Case No. 5:11CV2027 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| BENNIE KELLY, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |
| | ) | |

On September 21, 2011, Ru Liu ("Petitioner"), pro se, executed[1] a petition for a writ of federal habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1. Petitioner seeks relief from convictions entered by the Summit County, Ohio Court of Common Pleas for one count of aggravated burglary in violation of Ohio Revised Code ( "O.R.C.") § 2911.12(A)2); five counts of aggravated robbery in violation of O.R.C. § 2911.01(A)(1); two counts of felonious assault in violation of O.R.C. § 2903.11(A)(1) and (2); and nine counts of kidnapping in violation of O.R.C. § 2905.01(A)(2); with all counts carrying firearms specifications.   On April 6, 2012, Respondent, Bennie Kelly (" Respondent") filed a motion to dismiss Petitioner's § 2254 petition.   ECF Dkt. #7. Petitioner has filed no response to the motion.   For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

## I.      PROCEDURAL BACKGROUND

### A.      State Trial Court

The September 2001 Summit County Grand Jury issued an indictment charging

Petitioner with one count of aggravated burglary in violation of O.R.C. § 2911.11(A)(2)(count 1); five counts of aggravated robbery in violation of O.R.C. § 2911.01(A)(1)(counts 2-6); two counts of felonious assault in violation of O.R.C. § 2903.11(A)(2); (counts 7, 8); and nine counts of kidnapping in violation of O.R.C. § 2905.01(A)(2)(counts 9-17).  ECF Dkt. #7-1 at 41-50.  Each count carried a gun specification.[2]

On January 29, 2002, Petitioner withdrew his original not guilty plea and, with counsel, entered a guilty plea to all counts in the indictment.  ECF Dkt.#7-1 at 52.  On August 30, 2002, the trial court sentenced Petitioner to a term of imprisonment of one year mandatory on the gun specifications, five years of imprisonment on the aggravated burglary conviction, five years of imprisonment on four counts of aggravated robbery, a definite term of five years of imprisonment on the other count of aggravated robbery, two definite terms of five years of imprisonment on the felonious assault convictions, and a definite term of five years of imprisonment on each of the nine counts of kidnapping.  *Id.* at 53-54.  The trial court ordered the one-year imprisonment term for the gun specifications to merge and ordered the one-year term to be served consecutively with the sentence on the rest of the counts, and ordered counts one and two for aggravated burglary and aggravated robbery, as well as count three for aggravated robbery, count seven for felonious assault and count nine for kidnapping to run consecutively with one another.  *Id.* at 54.  The court ordered the other counts to run concurrently with one another.  *Id.* at 55.  Accordingly, the trial court sentenced Petitioner to a total of twenty-six years of imprisonment.

The trial court's journal entry further indicated that Petitioner was subject to five

years of post-release control following his release from prison and that the court was recommending deportation of Petitioner after he served his sentence.  ECF Dkt. #7-1 at 55.

Petitioner did not file a direct appeal.

**B.**    **Motion to Withdraw Guilty Plea**

On November 30, 2007, Petitioner, through counsel, filed a motion to withdraw his guilty plea.  ECF Dkt. #7-1 at 56.  Petitioner argued the following:

1.    Mr. Liu was not warned of the potential immigration consequences of his plea as mandated by R.C. 2943.031.

2.    Mr. Liu's pleas were involuntary and made without an understanding of the nature of the charges he faced or the nature of the constitutional rights he waived by pleading guilty, in violation of his rights to a fair trial and due process under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio State Constitution.

3.    Mr. Liu was deprived of his right to the effective assistance of counsel because the performance of his appointed counsel at all stages of representation was deficient, in violation of the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

4.    Mr. Liu was denied the services of a qualified interpreter, making it impossible for him to understand the nature of the charges against him, the potential consequences of waiving those rights when pleading guilty, or the meaning of the rights that he waived in violation of his rights to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

5.    Mr. Liu's sentence was unconstitutionally enhanced in violation of his Sixth Amendment right to trial by jury under the principles set forth in *Apprendi v. New Jersey* (2000), 530 U.S. 466, and it's [sic] progeny, in violation of his rights against cruel and unusual punishment and to a trial by jury and due process, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article I, Sections 5, 9, and 16 of the Ohio Constitution.

6.      Mr. Liu was denied his right to consular notification and assistance, as required by Article 36 of the Vienna Conventions and controlling international law.

7.      Mr. Liu was deprived of his right to due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution, by the cumulative effect of all of these constitutional, statutory and international law violations.

*Id.* at 57-59.

On February 6, 2008, the trial court denied Petitioner's motion to withdraw his guilty plea.  ECF Dkt. #7-1 at 147.  On March 7, 2008, Petitioner filed a notice of appeal.  ECF Dkt. #7-1 at 167.  In his appellate brief, Petitioner, through counsel, asserted the following assignment of error:

1.)      The trial court erred by denying Mr. Liu's motion to withdraw his guilty pleas in violation of R.C. 2943.031, Crim. R. 11(C), Crim. R. 32.1, the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and Article 36 of the Vienna Convention on Consular Relations.  (February 6, 2008 Judgment Entry).

*Id.* at 174.  On December 23, 2008, the Ninth District Court of Appeals of Ohio affirmed the trial court's decision denying Petitioner's motion to withdraw his guilty plea.  ECF Dkt. #7-2 at 296.

On February 6, 2009, Petitioner filed a notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #7-2 at 313.  Petitioner, through counsel, presented the following propositions of law in his memorandum in support of jurisdiction:

1.      Substantial compliance with Ohio Rev. Stat. Ann § 2943.031(A) is mandatory.

2.      A qualified and certified court interpreter is essential to ensure that the guilty pleas of a non-English foreign national are knowing, intelligent and

voluntary.

*Id.* at 316.  On April 22, 2009, the Supreme Court of Ohio declined jurisdiction to hear Petitioner's appeal and dismissed the appeal as not involving any substantial constitutional question.  *Id.* at 347.

### C.  <u>Motion to Reduce/Modify Sentence</u>

On November 15, 2011, Petitioner handwrote a letter to the trial court requesting that the court reduce his sentence.  ECF Dkt. #7-2 at 348-351.  On November 18, 2011, the trial court denied Petitioner's motion for a reduction or modification of his sentence. *Id.* at 352.

## II.  <u>FEDERAL HABEAS CORPUS PETITION</u>

On September 21, 2011, Petitioner pro se filed the instant petition seeking relief from his state court conviction.  ECF Dkt. #1. Petitioner presents the following grounds for relief:

**Ground One:**
Trial court erred by denying Mr. Liu's motion to withdraw his guilty pleas in violation of R.C. 2943.031, Crim. R. 11(C) Crim. R. 32.1, the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Article 36 of the Vienna Convention on Consular Relations.

**Supporting facts**: Mr. Liu nor his family speaks any english.  Mr. Liu and codefendants each charged with the exact same charges but each one received a different sentence Mr. Liu receiving the harshest.  At the time Mr. Liu entered his guilty pleas he did not understand the actual specifics of nature of the charges or consequences.  This was Mr. Liu's first encounter with any court proceedings and processes.

**Ground Two:**

I was the youngest one out of all my co-defendants, and I got the most time, and it was my first number.  My other two co-defendants got 10 and 13 years for the same crime.  One of my co-defendants Wong #473-396 already went home on Jan. of this year 2011.  All my three co-defendants have records in different state and got less time than me, who never got in any trouble.

**Supporting facts**: I didn't have any lawyer of my own when I first went to court.  I was appointed an attorney and my attorney didn't tell me, or explain anything to me to understand.  I thought my attorney knew what he was doing.  My lawyer keep pushing me to plea out to anything.

**Ground Three**:

I and my family don't speak any english when I caught this case.  My public defender told me I need to plea guilty to all charges.  I was never told by my public defender how much time I was facing.  The public defender say he don't know how much time I gonna get, but he knew all along how much time I was getting.  The public defender keep telling me that only judge will know.

**Supporting facts**: When I was in court my public defender told me that it won't be to[sic] much time, because I had never been in trouble before.  So my public defender told me to just leave it to him and the judge.  So my public defender never explain anything useful to me.  My public defender only want me to do what will make the case more faster.

**Ground Four**:

Me and my family didn't speak any english, and I don't have any family in Ohio or live here.  So it was hard for me and my family to hire an Ohio State lawyer to help appeal my case.  I never got the right help from my attorney.

**Supporting facts**: I was in the county jail for almost a year.  I didn't contact my family until a few years after my sentencing.  A friend of my aunt recommended a New York City lawyer to help appeal my case.  My family end up paying the New York City lawyer fifty five thousand dollars.  So me and my family agree to my lawyer to take it to federal court, cause my lawyer told me that the state usually didn't accept my state appeal.  So when I got denied in supreme court my lawyer backed out on me and my family.  My lawyer told me that she need more money, when it was all paid for and we all agree to everything from the beginning.

ECF Dkt. #1.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

Respondent contends that the instant petition is time-barred and should be dismissed.  In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2)  The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts.  *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. §2244(d)(2).  To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).  Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control.  *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).  The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling."  *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*,

337 F.3d at 642.  When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing [her] claim."

*Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).  These factors are not comprehensive and not all of the factors are relevant in all cases.  *Cook*, 295 F.3d at 521.  Whether equitable tolling is appropriate is a case-by-case analysis.  *Id*. "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d  396, 401-02, 404 (6th Cir. 2004).  The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling.  *Vroman*,  346 F.3d at 605.

## IV.    ANALYSIS

### A.    AEDPA STATUTE OF LIMITATIONS

Respondent argues that Petitioner's AEDPA statute of limitations as to his second, third and fourth Grounds for Relief [3] began to run on September 30, 2002, thirty days after he failed to file an appeal of his conviction and sentence to the Ohio appellate court.[4]   The journal entry memorializing Petitioner's conviction and sentence was filed on August 30, 2002.  ECF Dkt. #7-1 at 53.  Therefore, Respondent is correct that Petitioner's conviction became final on September 30, 2002[5] as Petitioner failed to file a direct appeal of his conviction and sentence before the thirty-day period in which to file an appeal had expired.  *See* Ohio App. Rule 4(A).  The AEDPA statute of limitations

began to run the day after Petitioner's conviction became final, on October 1, 2002, and would have expired one year later on October 1, 2003 unless either statutory tolling or equitable tolling applied.  Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000).

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) applies to any pending " properly filed" applications for state post-conviction relief or other collateral review.  28 U.S.C. § 2244(d)(2). However, the tolling provision does not 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman*, 346 F.3d at 602, quoting *Rashid,* 991 F.Supp. at 259. Once the statute of limitations period has expired, state collateral review proceedings cannot impact the statute of limitations bar.   *Id*.   It is well-settled that motions to withdraw guilty pleas cannot restart the statute of limitations clock.   *See Freeman v. Gansheimer,* No. 4:10CV369, 2010 WL 4568759 (N.D. Ohio November 3, 2010)(Boyko, J.); *Leon v. Bradshaw*, No. 1:05CV875, 2006 WL 1624430, at *3-4 (N.D.Ohio June 26, 2006)(Boyko, J.). *Goodballet v. Mack,* 266 F.Supp.2d 702 (N.D. Ohio 2003)(Gwin, J.); *Wells v. Warden, Lebanon Correctional Inst*., No. 1:09CV051, 2010 WL 1253499, *4 (S.D.Ohio.Jan.8, 2010)(Hogan, M.J.); *Coffey v. Warden*, No. I:06CV717, 2007 WL 951619 (S.D.Ohio Mar.28, 2007) (Dlott, J.; Black, M.J.); *DeFluiter v. Brunsman*, No. 2:06CV274, 2006 WL 3751246, at *3 (S.D.Ohio Dec.18, 2006) (Holshuh, J.; Abel, M.J.).

Petitioner's motion to withdraw his guilty plea was filed on November 30, 2007, well after the statute of limitations had expired.  ECF Dkt. #7-1 at 56.  Accordingly, the undersigned recommends that the Court find that Petitioner's motion to withdraw his guilty plea and appeals related thereto had no impact on the AEDPA statute of

limitations because the statute of limitations had already expired by the time that Petitioner filed his motion.  Accordingly, the undersigned recommends that the Court find that Petitioner's federal habeas corpus petition is untimely filed as to Grounds for Relief Numbers Two, Three and Four.

Respondent addresses the AEDPA statute of limitations issues with respect to Petitioner's Ground for Relief Number One separately, asserting that his claim that the trial court erred in denying his motion to withdraw his guilty plea could not have accrued before the trial court denied his motion on February 6, 2008.  ECF Dkt. #7 at 37-38. Respondent therefore analyzes the statute of limitations as to Ground for Relief Number One under 28 U.S.C. § 2244(d)(1)(D)[6].  *Id.* at 38.  Respondent asserts that the statute of limitations as governed by section 2244(d)(1)(D) of Title 28 did not begin to run until the factual predicate of the claim presented could have been discovered through due diligence.  *Id.*  Respondent contends that the statute of limitations was tolled during Petitioner's appeals of the trial court's denial of his motion to withdraw his guilty plea through April 22, 2009 when the Supreme Court of Ohio denied his appeal.  *Id.* Respondent contends that even considering this tolling period, Petitioner's federal habeas corpus petition on this issue is still time-barred.

The undersigned recommends that the Court find Respondent's analysis to be correct.  Petitioner was sentenced on August 30, 2002.  ECF Dkt. #7-1 at 53.  He filed his motion to withdraw his guilty plea over five years later on November 30, 2007.  *Id.* at 56.  On February 6, 2008, the trial court denied the motion.  *Id.* at 147.  On December 23, 2008, the Ohio appellate court affirmed the trial court's denial.  ECF Dkt. #7-2 at 296. On April 22, 2009, the Supreme Court of Ohio declined jurisdiction and dismissed

Petitioner's appeal. *Id.* at 347.

The AEDPA statute of limitations clock began running on April 23, 2009 the day after the Supreme Court of Ohio denied Petitioner's appeal. ECF Dkt. #7-2 at 347. Petitioner was not entitled to the additional ninety days of tolling in order to seek a writ of certiorari in the United States Supreme Court because a motion to withdraw a guilty plea is part of collateral review, not direct review. *Brown v. Timmerman-Cooper*, 2011 WL 5966871, at *3 (N.D. Ohio Aug. 18, 2011)[7], citing *Lawrence v. Florida*, 549 U.S. 327, 331-332, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). Therefore, the AEDPA statute of limitations clock began running on April 23, 2009 and expired on April 23, 2010. The only other filing made by Petitioner that could have impacted tolling the AEDPA statute of limitations was his November 15, 2011 letter requesting that the trial court reduce his sentence. ECF Dkt. #7-2 at 348. However, this filing was made well after the AEDPA statute of limitations had expired and therefore had no effect on the limitations period. Petitioner filed his federal habeas corpus on September 21, 2011, well over one year after the AEDPA statute of limitations had expired.

For these reasons, the undersigned recommends that the Court find that Petitioner has untimely filed his federal habeas corpus petition as to Ground for Relief Number One.

### B. EQUITABLE TOLLING

The United States Supreme Court has held that the AEDPA statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010). In order to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562, quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).  A petitioner must show that he exercised reasonable diligence in pursuing his rights, not maximum diligence.  *Holland*, 130 S.Ct. at 2565.  The Sixth Circuit Court of Appeals considers the following factors in determining entitlement to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Griffin v. Rogers,* 399 F.3d 626, 635 (6th Cir. 2005).

The undersigned recommends that the Court find that Petitioner failed to establish that he is entitled to equitable tolling.  Petitioner does not contend that he lacked actual or constructive notice of the filing requirement.  Rather, Petitioner contends that neither he nor his family were able to speak and understand English and therefore his failure to timely file his federal habeas corpus petition should equitably toll the limitations period. ECF Dkt. #1 at 14.  Petitioner asserts that he learned to speak English in 2003 while incarcerated, but he still does not understand most of the language.  *Id.*The Court should reject this reason for finding that Petitioner is entitled to equitable tolling.  In *Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), the Sixth Circuit Court of Appeals held that:

> where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the courts, that lack of proficiency is insufficient to justify an equitable tolling of the statute of limitations. An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims.

Here, Petitioner did not lack access to the courts due to his deficient proficiency in English.  He had an interpreter at the state court level, and accessed both the state courts and this Court.  ECF Dkt. #7- 1 at 56, 169; ECF Dkt. #7-2 at 313; ECF Dkt. #7-3 at 363.  His November 5, 2011 letter to the trial court also belies his assertion that he still does not understand most of the English language.  ECF Dkt. #7-2 at 348-351.  Moreover, as pointed out by Respondent, Petitioner's lack of fluency in English fails to explain why he waited over three years after his sentence and at least two years after he was able to speak some English, before securing counsel, or why his counsel waited an additional two years to file his motion to withdraw in 2007, or why he waited another two years before filing his instant federal habeas corpus petition.  ECF Dkt. #7 at 39.

Since Petitioner was not denied access to the courts based upon his lack of proficiency in the English language, and he otherwise fails to show the lack of notice of the legal requirements and his diligence in pursuing his rights, the Court should find that Petitioner is not entitled to equitable tolling.  Moreover, the record fails to show that an extraordinary circumstance exists which would have prevented Petitioner from timely filing his petition.  When a petitioner has failed to show that factors exist in favor of equitable tolling, the Court need not consider prejudice to the respondent.  *Dunlap*, 250 F.3d at 1009.

### C.  __ACTUAL INNOCENCE__

The Sixth Circuit Court of Appeals has also held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations.  *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).  But "actual innocence means factual innocence, not mere legal insufficiency."  *Id.* at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).  Normally, in order to obtain collateral review of a

defaulted claim upon a showing of actual innocence, a petitioner must establish that he is not only actually innocent of the charge which he seeks to attack, he must also demonstrate that he is actually innocent of all other more serious charges which the government had foregone during the plea bargaining process. *See Bousley* at 1611-12; *Luster v. United States*, 168 F.3d 913, 915 (6th Cir.1999).

To succeed on this theory, Petitioner must show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324.   The United States Supreme Court has cautioned that the actual innocence exception should "remain rare" and should "only be applied in the "extraordinary case." *Id.* at 321.

Here, Petitioner fails to offer any evidence that he did not commit the crimes for which he was convicted.  Accordingly, the undersigned recommends that the Court find that the actual innocence  exception does not apply to allow consideration of Petitioner's federal habeas corpus petition despite his untimely filing.

## V.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner's instant federal habeas corpus petition is untimely filed and DISMISS the petition, in its entirety, with prejudice.

Date: July 11, 2012                                */s/George J. Limbert*

GEORGE J. LIMBERT

UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R.

72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

[1]Petitioner wrote the date of August 29, 2011 on the petition indicating that he placed his petition in the prison mailing system on that date.  ECF Dkt. #1 at 15.  However, on the same page of his petition, only one line down, Petitioner wrote the date of September 21, 2011 as the date that he signed the petition.  *Id.*  The undersigned uses the later of these two dates to give Petitioner the benefit of the doubt with regard to filing time for the purposes of the statute of limitations assertion by Respondent.  The petition was not docketed until September 26, 2011.  ECF Dkt. #1.

[2]Page numbers in this report and recommendation refer to the Page ID# in the electronic filing system.

[3]AEDPA applies to this case because Petitioner filed his petition for a writ of habeas corpus after the AEDPA's effective date of April 24, 1996. See *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir.1999), cert. denied, 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000).

[4]Rule 4(A) of the Ohio Rules of Appellate Procedure provides in pertinent part:
"(A) A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of

entry of the judgment or order appealed..."

[5]  September 29, 2002 was actually the date when the thirty-day period expired, but that date was a Sunday and thus Petitioner's appeal was due on the following business day, which was September 30, 2002.

[6] As noted above in the body of this Report and Recommendation, 28 U.S.C. § 2244(d)(1)(D) provides in relevant part:

   (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - -
   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[7]  Report and Recommendation adopted by No. 3:10CV1941, 2011 WL 5966867 (N.D. Ohio Nov. 28, 2011)(Adams, J.).